UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOSE A. MORALES,

                      Plaintiff,                COMPLAINT
                                                      07 CV 9433 (WHP) (FM)

        - against -

THE CITY OF NEW YORK, DOMINICK
DESIERVI and JASON JEREMIAH, employees
of the New York City Police Department

                      Defendants.           **Jury Trial Demanded**

----------------------------------------------------------------x

       Jose Morales, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

### Nature of the Action

1.    This civil rights action arises from the July 24, 2006 unlawful assault upon and arrest of Jose Morales. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff Jose Morales is a citizen of the United States of America residing in the State and City of New York, County of Kings.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendant DOMINICK DESIERVI (Tax Registry Number 936578) was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to PSA 1 in Brooklyn, New York.

7. Defendant JASON JEREMIAH (Tax Registry Number 966814) was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to PSA 1 in Brooklyn, New York.

8. At all times relevant defendants DESIERVI and JEREMIAH (together, the "individual defendants"), were acting under color of state law.

9. The individual defendants involved in this incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

10. On August 15, 2006, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

12.     The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

13.     The City of New York has neglected and failed to adjust the claims within the statutory time period.

14.     This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

15.     On July 24, 2006 beginning at approximately 7:30 p.m. at and around 885 East 56th Street in the Glenwood Housing Project in Brooklyn, New York, the individual defendants, without lawful cause or justification, assaulted and arrested plaintiff and caused Mr. Morales to be unlawfully prosecuted for offenses he did not commit.

16.     Defendant Jeremiah used a retractable metal baton to repeatedly strike Mr. Morales about plaintiff's right shoulder.

17.     The individual defendants casued Mr. Morales to be arrested and thereafter prosecuted on the false charges of disorderly conduct, obstructing governmental administration, resisting arrest and menacing.

18.     As a result of the false charge lodged against him by the defendants, Mr. Morales was forced to hire a private attorney to defend him in Criminal Court.

19.     The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful assault upon and arrest of Mr. Morales.

20.     Mr. Morales suffered mental anguish, shock, fright, trauma and deprivation of his constitutional rights, among other injuries.  He suffered humiliation and a loss of dignity in being publicly attacked and arrested by the defendants.

21. Mr. Morales suffered physical injury to, among other things, his neck, shoulder, both wrists and lower back.

22. At all times relevant, and in using force on Mr. Morales, and arresting and imprisoning him, and in bringing false charges against him, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

23. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

24. By the actions described above, the individual defendants, or some of them, deprived Mr. Morales of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

25. As a consequence thereof, Jose Morales has been injured.

SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

26. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

27. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

28. As a consequence thereof, Jose Morales has been injured.

THIRD CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S
RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

29.     Plaintiff repeats the allegations of paragraphs 1-22 above as though fully stated herein.

30.     By the actions described above, the individual defendants, or some of them, deprived Mr. Morales of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

31.     As a consequence thereof, Jose Morales has been injured.

FOURTH CLAIM FOR RELIEF FOR ASSAULT

32.     Plaintiff repeats the allegations of paragraphs 1-36 as though fully stated herein.

33.     By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

34.     As a consequence thereof, Jose Morales has been injured.

FIFTH CLAIM FOR RELIEF FOR BATTERY

35.     Plaintiff repeats the allegations of paragraphs 1-36 as though fully stated herein.

36.     By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

37.     As a consequence thereof, Jose Morales has been injured.

SIXTH CLAIM FOR RELIEF FOR ABUSE OF PROCESS

38.     Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated here.

39.     The individual defendants, and each of them, maliciously used criminal process for a purpose other than bringing a suspected wrongdoer to justice, to wit, in

order to harass and intimidate Jose Morales from asserting his rights against the individual defendants and in order to cover up their own wrongdoing and avoid civil and criminal liability for their acts.

40.   As a consequence thereof, plaintiff has been injured.

### SIXTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

41.   Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

42.   The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Morales was subjected, despite having a reasonable opportunity to do so.

43.   As a consequence thereof, Jose Morales has been injured.

### SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

44.   Plaintiff repeats the allegations of paragraphs 1-36 as though fully stated herein.

45.   The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully arrest, assault, and make false allegations.

46.   The defendant City of New York's failure properly to assign, train, supervise or discipline its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional searches, detentions, arrests, uses of force, and lodging of false allegations allowed the individual defendants to believe that they could with impunity arrest, brutalize, and abuse Mr. Morales.

47.   As a consequence thereof, Jose Morales has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

- (A) Declaratory relief as follows:
    1. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
    2. A declaration that plaintiff's right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
- (B) Compensatory damages in an amount to be fixed at trial;
- (C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;
- (D) An award to plaintiff of the costs and disbursements herein;
- (E) An award of attorney's fees under 42 U.S.C. §1988; and
- (F) Such other and further relief as this Court may deem just and proper.

Dated:   October 22, 2007
         Brooklyn, New York

_____
Matthew Flamm **MF1309**
  Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117