USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/08

# MATTHEW FLAMM

ATTORNEY AND COUNSELLOR AT LAW

26 COURT STREET, SUITE 600
BROOKLYN, NEW YORK 11242

matthewflamm@msn.com
(718) 797-3117     FAX (718) 522-2026

**MEMO ENDORSED**

By Hand

February 25, 2008

The Honorable William H. Pauley       FEB 26 2008
United States District Court
500 Pearl Street
New York, New York 10007

Re:   Jose Morales v. City of New York and Others
      07-CV-9433 (WHP)

Your Honor:

Application granted in part.

SO ORDERED:

[signature]
WILLIAM H. PAULEY III U.S.D.J.
2/28/08

Plaintiff's application to place the action on the suspense docket is denied. The conference is adjourned to April 18, 2008 at 11:30 a.m.

I represent plaintiff in this §1983 police misconduct suit. This is a follow up to my February 8, 2008 letter, a copy of which is attached hereto, asking that the February 29, 2008 initial pretrial conference be adjourned without date and that Your Honor place this matter on the Court's suspense docket until conclusion of the ongoing criminal prosecution against Mr. Morales.

This suit stems from the defendants' July 24, 2006 arrest of and use of force on Mr. Morales. The prosecution of Mr. Morales on charges of, *inter alia*, disorderly conduct and resisting arrest is still pending under Kings County Supreme Court Docket Number 6014/2006. I am not the defense attorney. The matter had been scheduled for trial beginning January 9, 2008 but was adjourned tp January 24 and then to February 28. It is possible that trial of the underlying criminal matter may again be adjourned.

This action was filed only to meet the statute of limitations. Until the criminal charges are disposed of, plaintiff believes it is inappropriate to proceed. The outcome of the criminal case will have a significant impact on Mr. Morales' claims and the City and Police Officers' defenses. Because of the ongoing prosecution, the Summons and Complaint have not yet been served on defendant City.

Under these circumstances, plaintiff believes that there is good cause for this request and that the delay of more than a year and one half in bringing to trial the criminal charges against Mr. Morales is unusual, unforeseeable and out of the plaintiff's and Court's control. Cf., e.g., Murray v. NYPD 25th Precinct, 2004 U.S.Dist. LEXIS 6021, 03 CV 4636 (NRB) (SDNY 2004)(dismissing without *prejudice* pro se §1983 police misconduct suit pending resolution of criminal matter); Bander

The Honorable William H. Pauley
February 25, 2008
Page 2

v. Worldnow, 2003 U.S. Dist. LEXIS 20204, 03 Civ. 3692 (DLC) (SDNY 2003)(placing matter on suspense docket pending outcome of arbitration); Bergrin v. Eerie World Entertainment, 2003 U.S. Dist. LEXIS 18259, 03 Civ. 4501 (SAS) (SDNY 2003)(staying consideration of summary judgment pending outcome of motion in related bankruptcy proceeding); Salem v. Paroll, 2001 U.S. Dist. LEXIS 3644, 99 Civ. 2620 (WCC), 00 Civ. 5974 (WCC) (SDNY 2001)(case had been placed on suspense docket pending exhaustion of remedies in State court); Jugmohan v. Zola, 2000 U.S. Dist. LEXIS 1910; 82 Fair Empl. Prac. Cas. 192, 98 Civ. 1509 (DAB) (SDNY 2000)(Action under Violence Against Woman Act placed on suspense docket pending outcome of matter pending before United States Supreme Court).

  Plaintiff respectfully requests that Your Honor adjourn the February 29 conference without date, stay this proceeding and place it on the suspense docket.

            Respectfully submitted,

            Matthew Flamm

Enc.